<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1082

LORRAINE LITTLE,

                   Plaintiff – Appellant,

          v.

JOHN E. POTTER, a/k/a United States Post Office, Postmaster
General,

                   Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.   (3:09-cv-00886-JFA)

Submitted:  June 30, 2011              Decided:  July 14, 2011

Before WILKINSON  and  KEENAN,  Circuit  Judges,  and  HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lorraine Little, Appellant Pro Se. Terri Hearn Bailey, Barbara
Murcier  Bowens,  Assistant  United  States  Attorneys,  Columbia,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorraine Little appeals the district court's grant of summary judgment in favor of John E. Potter, the Postmaster General of the United States Postal Service, on Little's claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17 (2006).[*] We affirm.

We review de novo an award of summary judgment. PCS Phosphate Co. v. Norfolk S. Corp., 559 F.3d 212, 217 (4th Cir. 2009). Little contends on appeal that a jury, rather than the district court, should determine whether her dismissal was motivated by retaliation for her assertion of rights protected under Title VII. However, the district court did not err in concluding that Little failed to offer sufficient evidence that Potter's nondiscriminatory reason for the dismissal "was false, and that discrimination was the real reason for the challenged action." Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007) (internal quotation marks omitted). Therefore, the district court properly awarded summary judgment on this claim.

---

[*] Little's claim of hostile work environment proceeded to trial, and the jury's verdict in favor of Little on that claim is not before us.

Accordingly, we deny Little's motion for appointment of counsel and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED